IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TROY AND NICOLE BULLOCK** | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. **PJM 15-903** |
| **PULTE HOME CORPORATION, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Troy and Nicole Bullock brought this suit, ostensibly *pro se*, on behalf of themselves and "on behalf of persons similarly situated,"[1] against Defendants Pulte Home Corporation ("Pulte") and MERSCORP Holdings, Inc. ("MERSCORP"), alleging breach of contract and other claims based on Defendants' failure to return their satisfied Promissory Note, per the terms of Plaintiffs' Deed of Trust. Defendants have moved to dismiss the suit on the grounds that, as parent corporations to the lender and beneficiary of the Deed of Trust, they are not liable for the obligations of their subsidiaries. ECF Nos. 29, 30. In response, Bullocks have sought leave to add new defendants to this suit. ECF No. 31. However, Defendants also submit that the Note in question has actually been returned to the Bullocks. Since the Court finds that the Bullocks were, in fact, sent the Note in 2012 and that they have suffered no cognizable damages, it will **DISMISS** this suit as **MOOT**.

---

[1] The initial pleading in this case was styled "Class Action Complaint and Jury Demand." Because of its striking similarity to other "*pro se*" pleadings filed in this Court, *see Cole v. Bank of America*, Civ. No. 15-0904-PJM, there is reason to believe that some individual—possibly not an attorney—may have been involved in preparing the Plaintiffs' pleadings. It is not at all clear how and why the Bullocks conceived of this case—an action for return of their own paid mortgage Note as a possible class action.

**I.**

This suit began as a *pro se* complaint against Pulte Corporation and MERSCORP for breach of contract and unjust enrichment in the Circuit Court for Prince George's County, on behalf of the Bullocks and a putative class. ECF No. 2 ¶¶ 1–3. MERSCORP removed the case to this Court on March 30, 2015. ECF No. 1. On April 13, 2015, having filed an Answer in Circuit Court, Pulte Corporation moved here to dismiss the suit, or in the alternative, for summary judgment, ECF No. 18, and, on April 27, 2015 MERSCORP also moved to dismiss the suit. ECF No. 21. Pulte Corporation and MERSCORP argue that they are not the appropriate parties to be sued, given that, as parent corporations of CTX Mortgage and MERS respectively, they were purportedly not liable for the obligations of their subsidiaries. ECF Nos. 18, 21.

**A.**

According to the now Amended Complaint, the facts are these:

The Bullocks obtained a loan to purchase the property at 7104 Sudley Avenue, Brandywine, Maryland on December 1, 2009. ECF No. 27, Amend. Compl. ¶ 7. As part of the loan, they allege they executed a Deed of Trust and executed a Promissory Note payable to CTX Mortgage Company LLC ("CTX Mortgage"). *Id*. Mortgage Electronic Registration System, Inc. ("MERS") is named in the Deed of Trust as the "beneficiary . . . (solely as nominee for Lender . . . and Lender's successors and assignees)." ECF No. 29-2, Deed of Trust*; see* Amend. Compl. ¶¶ 8-9. The Bullocks allege that Pulte Corporation became the owner of the loan on February 23, 2010, citing a Wall Street Journal article that "Pulte Buys Centex."[2] ECF No. 27, Amend. Compl. ¶¶ 10–11 & 11 n.1.

On December 23, 2011, the Bullocks paid the loan in full when they refinanced the

---

[2] The Amended Complaint identifies CTX Mortgage as "a home mortgage division" of Centex Corporation. ECF No. 27, Amend. Compl. ¶ 5.

property. *Id.* ¶¶ 12–13. MERS, the "beneficiary" of the Deed of Trust, presumably as agent for the Lender's assignee, then executed a Certificate of Satisfaction, which stated that the Deed of Trust was released on January 26, 2012. ECF No. 29-3, Certificate of Satisfaction; ECF No. 27, Amend. Compl. ¶¶ 14–16. The Deed of Trust included a provision stating that when the debt would be satisfied, the lender was obliged to mark the Note "paid" and return it to the borrower. *See* ECF No. 27, Amend. Compl. ¶ 18. The Bullocks assert, however, that "Defendants" failed to return the Promissory Note when paid, per the terms of the Deed of Trust, despite numerous requests. *Id.* ¶¶ 18–20. The Bullocks further allege that the failure to return the Note demonstrates that "Defendants" were not in possession of the Note, and thus not entitled to receive their payment on December 23, 2011. *Id.* ¶ 22.

MERS is not currently a Defendant in the suit, nor is PulteGroup, Inc., Centex Corporation, or CTX Mortgage. On May 7, 2015, the Bullocks filed a First Amended Complaint here, which sought to add a claim for detinue and to add these four new defendants: PulteGroup Inc., MERS, Centex Corporation, and CTX Mortgage. ECF No. 27. Pulte Corporation moved to strike the First Amended of Complaint as filed without leave of Court, ECF No. 28, and both Defendants moved to dismiss the First Amended Complaint. ECF No. 29, 30. The Bullocks then filed a Response in Opposition to the Motion to Strike, or, in the alternative, a Motion for Leave to File an Amended Complaint. ECF No. 31.[3] On June 10, 2015, the Bullocks filed a Response in Opposition to the Defendants' Motions to Dismiss, ECF No. 35, to which Pulte Corporation and MERSCORP replied on June 17, 2015 and June 29, 2015 respectively. ECF Nos. 37, 38.

Before considering Defendants' Motions to Dismiss or to permit the addition of four new

---

[3] Nicole Bullock failed to sign both the Response in Opposition to the Motion to Strike, ECF No. 31 at 3, and the Response in Opposition to Defendants' Motion to Dismiss. ECF No. 35 at 4. Troy Bullock's signature on the latter pleading clearly does not match his signature on other pleadings in the case. *Compare* ECF No. 35 at 4, *with* ECF No. 27, Amend Compl. at 10. On this basis, Defendants raised concerns regarding the possible involvement of someone other than the Bullocks, possibly a non-attorney, in the preparation of the pleadings, and asked the Court to strike the Bullock's Response in Opposition to Defendants' Motions to Dismiss. *See* ECF Nos. 37, 38.

Defendants, the Court issued a Memorandum Order directing the current Defendants to exercise any authority or ability they might have to obtain the paid Note from their subsidiaries and return it to the Bullocks. ECF No. 39. Given that the case seemed relatively simple, involving no legally cognizable damages to the Bullocks, the Court felt that this course of action might resolve the case while conserving time and resources. *Id.*

**B.**

In response, MERSCORP filed evidence to the effect that Bank of America, N.A. ("BANA"), the servicer of the loan, returned the Note in question marked "paid" to the Bullocks in a timely fashion after the debt was paid in full.[4] *See* ECF No. 41. According to the Declaration of Tiffany Barnfield, Senior Operations Manager for BANA and a custodian of certain records, BANA's Reconveyance Process System records, attached as Exhibit B to her Declaration, shows that BANA employee Karen Bolden prepared the Bullocks' original Note to be returned to them. ECF No. 41-1, Barnfield Decl. ¶¶ 1-2, 4-5; *see* ECF No. 41-2, Ex. B. In the screenshot of Reconveyance Process System records, the borrower is indicated as "Troy & Nicole…" with a name continuing out of view and the address is listed as "7104 Sudley Ave" in "Brandywine," "MD". ECF No. 41-2, Ex. B. On the same screen, an entry dated 01-13-2012 states, "Notes Original was sent to borrower on 01/13/2012 by Karen Bolden. Courier: United States Postal Service (USPS)." *Id.*

Ms. Barnfield's Declaration further explains that the attached Exhibit C is an accurate screenshot of BANA's AS400 loan servicing system. ECF No. 41-1, Barnfield Decl. ¶ 5; *see* ECF No. 41-3, Ex C. The screenshot of the AS400 loan servicing system states that the mortgagor is "Troy & Nicole Renay Bullock." ECF No. 41-3, Ex. C. The notes on this record

---

[4] While neither the Bullocks nor Defendants address when Bank of America became the servicer of the loan, the fact remains that the Bullocks have alleged no cognizable damages.

also state "Notes Original was sent to borrower on 01/13/2012 by Karen Bolden. Courier: United States Postal Service (USPS)." *Id.*

Finally, Ms. Barnfield's Declaration attests that the attached Exhibit D is a true and accurate copy of the original Note, marked paid, that was sent to the Bullocks on January 13, 2012, via USPS. ECF No. 41-1, Barnfield Decl. ¶ 6. The copy of the Note in Exhibit D shows, in color, the word stamped "PAID" on the first and last pages. ECF No. 41-4, Ex. D. The first and last pages of the Note are also stamped, "We hereby certify this is a true and correct copy of the original by Bank of America, N.A." *Id.*

The Bullocks do not contest this overwhelming evidence.

## II.

Before considering the merits of Defendants' Motions to Dismiss, a court always needs to determine whether it has subject matter jurisdiction over the claims in the suit.

If litigation becomes moot during the course of the proceedings, an Article III case or controversy ceases to exist, and the district court no longer has subject matter jurisdiction over the case. *S. Carolina Coastal Conservation League v. U.S. Army Corps of Engineers*, 789 F.3d 475, 482 (4th Cir. 2015). Claims in a complaint may become moot as a result in either a change in the facts or a change in the law. *Id.* (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir.1983)). One circumstance in which a claim is rendered moot occurs when "the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). For the purposes of determining subject matter jurisdiction, the court may consider evidence outside of the pleadings. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Based on Defendants' extensive filings, the Court finds that BANA returned the Note

marked "paid" to the Bullocks on January 13, 2012, per the terms of the Deed of Trust. Because the Note was returned, and because the Bullocks suffered no cognizable damage by reason of anything that any Defendant—whether current or proposed—has done, claims in this suit are **MOOT.**

### III.

Accordingly, the Court finds that it lacks of subject matter jurisdiction over the present litigation, the suit is **DISMISSED AS MOOT.**

A separate Order will **ISSUE.**

                                                /s/

                           **PETER J. MESSITTE**
                  **UNITED STATES DISTRICT JUDGE**

**March 29, 2016**